# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3533 | **DATE** | 5/14/2003 |
| **CASE TITLE** | RICHARD ROTHMAN vs. CITY OF CHICAGO | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Status hearing held. Enter Memorandum Opinion And Order. Betancourt, Waimberk, and FATIC's motion to dismiss is granted in part and denied in part; (2) Rivkin and MKK's motion to dismiss is denied; (3) the ARDC, Robinson, Smith, and Verrando's motion to dismiss or abstain is granted in part and denied in part; (4) the City of Chicago's motion to dismiss is granted; (5) Judge McCarthy's motion to dismiss is granted; and (6) Rothman's motion for a preliminary injunction on counts VI, VII, VIII, XI, and XII is denied. Counts I, II,III,VI,VII,XI,XII,XIII, and XIV are dismissed without prejudice. Counts VIII, IX, and X are dismissed with prejudice. Rothman is granted leave to file an amended complaint as to those counts dismissed without prejudice, if any, within fourteen days of this order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |

number of notices

**MAY 1 5 2003**

date docketed

docketing deputy initials

date mailed notice

ED-7
FILED FOR DOCKETING
03 MAY 14 PM I2: 27
CLERK
U.S. DISTRICT COURT

LG

courtroom deputy's initials

Date/time received in central Clerk's Office

mailing deputy initials

Document Number

RICHARD ROTHMAN,  )

Plaintiff,  )

v.  )

CITY OF CHICAGO; BETANCOURT REALTY  )
NETWORK; SAUL WAIMBERK; FIRST  )
AMERICAN TITLE INSURANCE COMPANY;  )
McNISH, KNABE & KRONING;  )
BERNARD RIVKIN; JOHN A. ROBERSON, in his  )
official capacity as Commissioner of the Chicago  )
Department of Buildings; JAMES P. McCARTHY,  )
in his official capacity as Judge of the Circuit Court  )
of Cook County, Illinois; MARY ROBINSON, in  )
her official capacity as Administrator of the Illinois  )
Attorney Registration and Disciplinary Commission;  )
ROBERT J. VERRANDO, in his official capacity  )
as Senior Attorney of the Illinois Attorney Registration  )
and Disciplinary Commission; ARTHUR B. SMITH,  )
in his official capacity as Commissioner of the Attorney  )
Registration and Disciplinary Commission, an Agency  )
of the State of Illinois;  )

Defendants.  )

**DOCKETED**

**MAY 1 5 2003**

No. 02 C 3533

Judge John W. Darrah

## MEMORANDUM OPINION AND ORDER

Plaintiff, Richard Rothman ( "Rothman"), filed a fourteen-count class action suit against

Defendants, seeking legal, equitable, and other relief. Count I alleges a violation of the American

with Disabilities Act ("ADA") against Betancourt Realty Network ("Betancourt"). Count II alleges

a violation of the ADA against First American Title Insurance Company ("FATIC"). Count III seeks

a declaratory judgment against Saul Waimberk ("Waimberk"); FATIC; McNish, Knabe & Kroning

("MKK"); and Bernard Rivkin ("Rivkin") for alleged violations of the ADA. Count IV alleges abuse

of process/malicious prosecution claims against Waimberk, Betancourt, Rivkin, and MKK. Count

71

V alleges retaliation in violation of the ADA against Waimberk, Betancourt, Rivkin, and MKK. Count VI alleges an ADA claim against the Illinois Attorney Registration and Disciplinary Commission ( the "ARDC"), Mary Robinson ("Robinson"), and Arthur Smith ("Smith"). Count VII alleges a violation of 42 U.S.C. § 1983 against John Roberson ("Roberson"), the Commissioner of the Chicago Department of Buildings. Count VIII alleges an ADA claim against Judge James McCarthy ("Judge McCarthy"). Count IX alleges a violation of 42 U.S.C. § 1983 against Judge McCarthy. Count X also alleges a 42 U.S.C. § 1983 claim against Judge McCarthy. Count XI alleges a 42 U.S.C. § 1983 claim against Smith and Robinson. Count XII alleges a 42 U.S.C. § 1983 claim against Robinson and Robert Verrando ("Verrando"). Count XIII alleges another 42 U.S.C. § 1983 claim against Robinson. Count XIV alleges a violation of Rothman's Fourteenth Amendment rights against the ARDC, Robinson, Judge McCarthy, and Smith.

Currently before the Court are (1) Betancourt, Waimberk, and FATIC's Motion to Dismiss; (2) Rivkin and MKK's Motion to Dismiss; (3) the ARDC, Robinson, Smith, and Verrando's Motion to Dismiss or Abstain; (4) the City of Chicago's Motion to Dismiss; (5) Judge McCarthy's Motion to Dismiss; and (6) Rothman's Motion for a Preliminary Injunction on Counts VI, VII, VIII, XI, and XII.

## BACKGROUND

The underlying allegations are myriad and include multiple, unrelated matters. Accordingly, it is appropriate to set out all these operative allegations necessarily considered in support and in defense of the motions before analyzing them pursuant to the applicable law. The following is a summary of the allegations set out in Plaintiff's Second Amended Complaint.

*Rothman's Disability*

Rothman has epilepsy and has a history of having had epilepsy. All of the Defendants were aware of Rothman's disability at all times described in the instant litigation.

*Real Estate Purchase by Rothman*

On May 23, 2000, Rothman submitted a written offer to purchase Unit 512 at 2337 W. Wolfman located in Chicago, Illinois. On June 8, 2000, Wolfman Towers Partnership and RAS Wolfman, Inc. (collectively "Wolfman") accepted the offer, with modifications. RAS Wolfman is the general partner in Wolfman Towers Partnership, the developer of the subject real estate. Waimberk and Betancourt are limited partners in Wolfman Towers Partnership (Betancourt, Waimberk, RAS Wolfram, Inc., and Wolfram Towers Partnership are collectively referred to as "the Seller").

Rothman tendered earnest money of $1,000, which was held by Betancourt as escrowee. The Seller never requested any additional earnest money from Rothman and never indicated that the Seller would or might declare Rothman in default for failure to deliver any additional earnest money.

Pursuant to the real estate contract, the original delivery date was October 30, 2000. The contract purchase price was $244,900 for the unit and $14,000 for a parking space. On October 30, 2000, the Seller and their lawyer orally extended the original closing date of October 30, 2000 until September 14, 2001.

In March 2001, the Seller and Rothman met and agreed in writing to make upgrade selections. At this time, the Seller assured Rothman in writing that closing would take place by May 31, 2001.

On August 9, 2001, the Seller's lawyer contacted Rothman by phone to schedule a closing. Rothman informed the Seller, by letter, on August 9, 2001, that he was available at any time for closing on September 14, 2001. On September 4, 2001, two appraisers for Rothman's lenders were scheduled to conduct appraisals. On that date, the following items were not completed in the unit: no finished floors, no kitchen, no appliances, no plumbing in kitchen, no electrical facilities, and no fuse box.

On September 11, 2001, Rothman contacted the Seller's lawyer and advised him that Rothman's lender was experiencing a disruption in business due to the World Trade Center bombing and that he could not assure a closing on September 14, 2001.

On September 13, 2001, Rothman and the Seller agreed to modify the contract in that the Seller agreed to reduce the sales price by $750; and Rothman agreed to purchase a refrigerator on his own.

A new closing date of September 20, 2001 was scheduled. Because an appraisal could not take place prior to September 20, 2001, the closing was rescheduled to October 4, 2001, by agreement of the parties.

On September 19, 2001, Rothman completed a walk-through and a written punch list. On October 2, 2001, Rothman conducted a final walk-through of the unit. Several punch list items had not been corrected. The Seller indicated that an electrician would complete the electrical work the morning of October 4, 2001. On October 4, 2001, the construction manager informed Rothman that no electrical items would be completed before closing because the electrician was away on an emergency.

On October 4, 2001, Rothman had two loans approved; and his loan funds were ready for wire transfer at any time during that day. At 10:30 a.m. on that date, the closing agent, Pat Shapley ("Shapley") of FATIC, called Rothman to tell him he could close at any time before 4:00 p.m. Rothman was unable to close before 4:00 p.m. due to previously scheduled appearances and court filing deadlines in connection with the ARDC. At 2:00 p.m., the lawyer for the Seller contacted Rothman and terminated the contract. At 4:00 p.m., Rothman appeared for closing. The closing did not proceed.

### Rothman's Law License and Suspension

On September 7, 2000, the Chicago office of the ARDC filed case 00 CH 52 against Rothman, alleging four counts of misconduct. A trial was held before the ARDC on June 11, 2001. A directed verdict was entered in Rothman's favor on two of the four counts. On September 13, 2001, the hearing board issued its report, recommending a six-month suspension of Rothman's law license. On January 10, 2002, the ARDC Review Board struck Rothman's Notice of Exceptions.

On January 17, 2002, the ARDC submitted a Motion to Approve and Confirm to the Illinois Supreme Court. On March 22, 2002, the Illinois Supreme Court declined to approve or confirm the ARDC Hearing Board Report and Recommendation. On that same day, the Illinois Supreme Court suspended Rothman's law license for nine months.

In September 2002, the ARDC filed a five-count complaint against Rothman, 02 CH 87, alleging professional misconduct. On November 12, 2002, Smith denied Rothman's Leave to Serve Interrogatories.

### Gran-Oak Condominium Association Case

On June 20, 2002, Rothman removed case 02 M1 720548, *Gran-Oak Condominium Ass'n v. Bondoc* (*Gran-Oak*), to the United States District Court for the Northern District of Illinois, where it was docketed as case 02 C 4488. Previously, the Cook County State's Attorney filed a rule to show cause against Rothman in that case. On September 7, 2002, Rothman filed a motion to dismiss the *Gran-Oak* case. On December 9, 2002, the *Gran-Oak* case was dismissed by agreement of the parties. The case was not remanded to state court. As a result of the removal, Rothman asked Judge McCarthy to dismiss the rule to show cause hearing for lack of jurisdiction. Judge McCarthy declined to dismiss the rule to show cause hearing.

### Contempt Proceedings Against Rothman

In August 2002, Waimberk, Betancourt, and MKK filed a Verified Petition for Adjudication of Criminal Contempt against Rothman in connection with case 01 M1 149251, *Rothman v. Wolfman Towers Partnership, et al.* In November 2002, trial was held on the criminal contempt petition. Judgment was entered in Rothman's favor.

On October 28, 2002, a trial was conducted in case 02 MC1 218527-01, *People of the State of Illinois v. Rothman* (*Rothman I*) in the Circuit Court of Cook County, Illinois. Judge McCarthy is currently presiding over another case, 02MC1 290300, pending in the Circuit Court of Cook County (*Rothman II*). *Rothman II* involves an alleged criminal contempt of court occurring on May 6, 2003, in the Circuit Court building in Chicago, Illinois. Rothman filed a Motion to Dismiss in *Rothman II* on double jeopardy grounds on November 19, 2002. Trial for *Rothman II* was scheduled for January 31, 2003.

*Fee Petition for Weaver Case*

Rothman represented Lawrence Weaver ("Weaver") in a personal injury matter in case 02 M1 300869, *Weaver v. Arzu*. Rothman filed a fee petition in the case, asserting a claim for *quantum meruit* attorney's fees and costs for 17.64 hours, totaling $2,340.21, plus costs of $565.40. On November 15, 2002, Judge McCarthy awarded Rothman $750 for attorney's fees and costs of $565.40.

## ANALYSIS

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000) (*Marshall-Mosby*). A plaintiff is not required to plead the facts or the elements of a claim, with the exceptions found in Federal Rule of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002) (*Swierkiewicz*); *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). A filing under Federal Rule of Civil Procedure need not contain all the facts that will be necessary to prevail. It should be "short and plain" and it suffices if it notifies the defendant of the principal events. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (*Hoskins*). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995). The simplified notice pleading relies upon liberal discovery and summary judgment motions to define disputed issues and facts and to dispose of unmeritorious claims. *See Swierkiewicz*, 534 U.S. at 513.

7

Betancourt first contends that Rothman fails to state an ADA claim in Count I. In Count I, Rothman alleges that Betancourt is a place of public accommodation that denied Rothman full and equal access to its facilities by cancelling the closing on October 4, 2001. Rothman further alleges that Betancourt cancelled the closing and the contract with knowledge of Rothman's epilepsy and, because of his disability, with the intention of discriminating against Rothman because of his disability.

42 U.S.C. § 12182(a) provides that "no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." In other words, the owner or operator of a public facility, in physical or electronic space, that is open to the public cannot exclude disabled persons from entering the facility and, once in, from using the facility in the same way that non-disabled persons use the facility. *See Doe v. Mutual of Omaha Ins. Co.*, 179 F.3d 557, 558 (7th Cir. 1999).

In the instant case, Rothman has sufficiently pled that a covered entity discriminated against him by refusing to allow him to close on his real estate purchase because of his disability. Rothman's "short and plain" allegations sufficiently notify Betancourt of the principal events.

FATIC also seeks to dismiss Rothman's ADA claim found in Count II for failure to state a claim. In Count II, Rothman alleges that FATIC cancelled the closing on October 4, 2001, with knowledge of Rothman's disability and, because of Rothman's disability, with the intent to discriminate against him because of his disability. In addition, by attempting to force Rothman to

8

close before 4:00 p.m. on October 4, 2001, FATIC denied Rothman full and equal access to its facilities.

Rothman also alleges that the contract to purchase the real estate had been cancelled by the Seller at 2:00 p.m. on October 4, 2001, prior to the scheduled closing time. This allegation is inconsistent with Rothman's allegation that FATIC cancelled the closing because of Rothman's disability. However, a party may set forth alternative statements and theories of his claims. *See* Fed. R. Civ. P. 8(e)(2). Accordingly, based on the law cited above, Count II sufficiently pleads a cause of action.

Betancourt and FATIC also argue that Counts I and II should be dismissed because Rothman only seeks remedies that are unavailable under 42 U.S.C. § 12182. In Counts I and II, Rothman seeks several types of monetary damages, including the cost of alternate housing, loss of rent, costs associated with his loan applications, punitive damages, and attorney's fees and costs.

Rothman's claims in Counts I and II are expressly based upon the ADA anti-discrimination provision in 42 U.S.C. § 12182(a). The only type of enforcement that Congress has made available to a private plaintiff is specifically limited to providing injunctive relief and not damages. *See A.R. v. Kogan*, 964 F. Supp. 269, 271 (N.D. Ill. 1997); 42 U.S.C. § 12182(a); 42 U.S.C. § 12188(a)(i); 42 U.S.C. § 2000a-3. Rothman concedes that he is not seeking injunctive relief in his response to the Motion to Dismiss where he argues that monetary damages should be awarded because injunctive relief will not compensate him for the loss of his home. Because the only relief available to Rothman, injunctive relief, is not sought in either Counts I or II, Counts I and II are dismissed without prejudice.

Waimberk, Betancourt, and FATIC next seek to dismiss Count III. Count III re-alleges Counts I and II and seeks a declaratory judgment that the conduct alleged in Counts I, II and V violated the ADA.

The primary purpose of the Declaratory Judgment Act, 28 U.S.C. § 2201, is to avoid the accrual of avoidable damages and to minimize the danger of avoidable loss. *See Cunningham Brothers, Inc. v. Bail*, 407 F.2d 1165, 1167-68 (7th Cir. 1969) *(Cunningham)*. If traditional remedies provide a party with the safeguards required by the law to insure the availability of a proper remedy, the courts may, in the exercise of their discretion, properly dismiss a declaratory judgment claim. *Cunningham*, 407 F.2d at 1169. If the alleged damage has already occurred, use of the Declaratory Judgment Act is not appropriate. *See Cunningham*, 407 F.2d at 1168-69; *In re Trans Union Corp. Privacy Litig.*, 211 F.R.D. 328, 340 (N.D. Ill. 2002); *Small v. Sussman*, 1995 WL 153327 (N.D. Ill. April 5, 1995).

In the instant case, Rothman seeks a declaration for alleged damages that have already occurred. There are no allegations suggesting that a declaration will prevent the accrual of avoidable damages or minimize the danger of an avoidable loss. Accordingly, Count III is dismissed without prejudice.

Waimberk and Betancourt seek to Dismiss Count IV, which alleges malicious prosecution and abuse of process, for failure to state a claim. Count IV alleges that the criminal contempt petition that was brought by Waimberk, Betancourt and MKK was brought without probable cause and resulted in a judgment in Rothman's favor. Rothman was damaged by the criminal contempt litigation, including the expense, burden and embarrassment of having to defend the charges; he suffered severe and extreme emotional distress; and his professional reputation was harmed.

Under Illinois law, the elements of a claim of malicious prosecution are: (1) the defendant sued the plaintiff maliciously and without probable cause; (2) the plaintiff was injured beyond the cost and annoyance of defending the lawsuit, *i.e.* special damages; and (3) the lawsuit terminated in the plaintiff's favor. *See Miller v. Rosenberg*, 196 Ill. 2d 50, 58 (2001). The special damages rule is the Illinois courts' "recognition of its responsibility to maintain a proper balance between the societal interest in preventing harassing suits and in permitting the honest assertion of rights in our courtrooms." *See Cult Awareness*, 177 Ill. 2d at 277. Special damages for purposes of a malicious prosecution claim do not include losses generally involved in defending a suit, such as loss of income, *Balthazar v. Dowling*, 65 Ill. App. 3d 824 (1978), or lost wages, *Petrick v. Kaminski*, 68 Ill. App. 3d 649 (1979).

An abuse of process claim is the misuse of legal process to accomplish some purpose outside of the proper scope of the process itself. In addition, the plaintiff must allege some type of special harm other than that which normally flows from any litigation. *See Barrett v. Baylor*, 457 F.2d 119, 122-23 (7th Cir. 1972).

The Defendants argue that Rothman has not sufficiently pled the special damages requirement for both the malicious prosecution and abuse of process claims. However, Rothman has alleged that his professional reputation was harmed by the bringing of the criminal contempt petition and that he has been unable to lead his life in the usual manner. While loss of reputation alone is not considered a special damage, loss of reputation that affects one's job prospects has been found to constitute special damages. *See Niebur v. Town of Cicero*, 212 F. Supp. 2d 790, 816 (N.D. Ill. 2002); *Niebur v. Town of Cicero*, 90 F. Supp. 2d 930, 931-32 (N.D. Ill. 2000); *Hahn v. Village of Downers Grove*, 1999 WL 167036 (N.D. Ill. Mar. 19, 1999). Rothman alleges a loss to his *professional* reputation. Accordingly, at this stage of litigation, Rothman has sufficiently pled special damages.

11

Defendants also argue that they had probable cause to file the criminal contempt petition. However, at this stage of litigation, dismissal based on the disputed issue of probable cause would be premature. *See Hindi v. Gooch*, 2003 WL 1475034 (N.D. Ill. Mar. 21, 2003).

Defendants also contend that Count V fails to state a claim for retaliation under the ADA. In Count V, Rothman alleges that the criminal contempt petition was brought by Waimberk, Betancourt, Rivkin, and MKK with their knowledge of Rothman's disability and because Rothman had filed discrimination charges against Waimberk, Betancourt, and Wolfman in state court.

The retaliation provision of the ADA protects any individual who "has opposed any act or practice made unlawful by [the ADA] or has made a charge [under the ADA]." 42 U.S.C. § 12203(a). It provides further that it is "unlawful to coerce, intimidate, threaten, or interfere with any individual ... on account of his or her having ... exercise[d] ... any right granted or protected by [the ADA]." 42 U.S.C. § 12203(b).

In the present case, Rothman alleged that these Defendants filed a criminal contempt petition against him because he filed suit against these Defendants alleging a violation of the ADA. Accordingly, Rothman has sufficiently pled a cause of action for retaliation under the ADA, and the claim cannot be dismissed at this stage of the litigation. Contrary to Defendants' argument, Rothman need not plead each element that a plaintiff must prove to prevail on a claim of retaliation under the indirect evidence method set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Swierkiewicz*, 534 U.S. at 511; *Hoskins*, 320 F.3d at 764.

Lastly, these Defendants seeks sanctions against Rothman pursuant to Rule 11 of the Federal Rules of Civil Procedure. Defendants contend that the present suit was brought for an improper purpose, and the claims are not warranted by existing law.

Federal Rule of Civil Procedure 11 requires the court to impose sanctions on a party or an attorney that signs a pleading or a motion which is not well grounded in fact or not warranted by existing law. *See* Fed. R. Civ. Proc. 11; *Vukadinovich v. McCarthy*, 901 F.2d 1439, 1445 (7th Cir. 1990) (*Vukadinovich*).

Based on the above analysis of Rothman's claims against these Defendants, some of Rothman's claims are sufficiently pled. At this stage of the litigation, it cannot be determined that Rothman filed the instant complaint for an improper purpose or that it is not warranted by existing law. Accordingly, sanctions are denied.

## II. Rivkin and MKK's Motion to Dismiss Counts IV and V

Rivkin and MKK seek to dismiss Count IV, contending that Rothman has not sufficiently pled his malicious prosecution and abuse of process claims. As set forth above, Rothman has sufficiently pled these claims.

Rivkin and MKK also seek to dismiss Count V, contending that Rothman has not sufficiently pled a causal link between engaging in a protected activity and the performance of an adverse act by the Defendants. As set forth above, Rothman need not plead each element that a plaintiff must prove to prevail on a claim of retaliation under the indirect evidence method set forth in *McDonnell Douglas*. Accordingly, this Motion to Dismiss is denied.

Rivkin and MKK also join with other Defendants in seeking sanctions against Rothman pursuant to Rule 11. As fully addressed above, sanctions are denied.

## III. The ARDC, Robinson, Smith, and Verrando's Motion to Dismiss Counts VI, XI, XII, XIII, and XIV

The ARDC, Robinson and Smith seek to dismiss (or abstain as to) Count VI, contending that the ADA claim is barred by the Eleventh Amendment. However, these Defendants now concede that

Rothman's ADA claims for injunctive relief are not barred by the Eleventh Amendment in light of the Seventh Circuit's recent holding in *Bruggeman v. Blagojevich*, 2003 WL 179049 (7th Cir. April 7, 2003).

Smith and Robinson also seek to dismiss Count XI. Count XI alleges that on October 12, 2002, Rothman filed a Motion for Leave to Serve Interrogatories, pursuant to Commission Rule 251, in his pending disciplinary proceeding. On November 12, 2002, Smith denied the motion. Rothman alleges that Smith denied Rothman's motion while acting under the color of state law and with the intention of violating Rothman's constitutional right of due process of law. Rothman seeks an injunction: (1) preventing the enforcement of Commission Rule 251, (2) preventing further proceedings in pending or new ARDC cases until the Commission adopts new discovery rules that do not violate due process of law of lawyers, and (3) ordering the ARDC to adopt discovery rules that comply with the Illinois civil discovery rules and federal law.

Smith and Robinson contend that the denial of Rothman's request to serve interrogatories does not implicate any constitutional or statutory right. However, Rothman does allege that the failure to allow interrogatories constitutes a violation of his due process rights. Defendants' argument attacks the merits of Rothman's claim. At this stage of litigation, such an argument is premature.

Robinson and Verrando also seek to dismiss Count XII. Count XII alleges: (1) that no investigation or charge was ever opened by the ARDC in connection with Counts 2 and 4 of the presently pending ARDC complaint; (2) the allegations in Count 1 were known to be false by the ARDC; (3) Counts 3 and 5 of the ARDC complaint do not constitute actionable misconduct; and (4) it has been ARDC's policy not to prosecute attorneys unless they have first been convicted of misconduct by the Illinois Supreme Court, and he has never been convicted of misconduct by the Illinois Supreme Court.

Rothman seeks injunctive relief, preventing further prosecution of the ARDC case against him and preventing the further assertion of the suspension order against him.

Robinson and Verrando argue that Rothman is attempting to collaterally attack his prior suspension by alleging that he has never been convicted of misconduct and that he has not engaged in the misconduct charged by the Administrator in the pending disciplinary matter and that such allegations are improper because he cannot collaterally attack the validity of his prior suspension in light of this Court's ruling in *Rothman v. Supreme Court of Illinois*, 2002 WL 1163720 (N.D. Ill. May 21, 2002).

In *Rothman v. Supreme Court of Illinois*, 2002 WL 1163720 (N.D. Ill. May 31, 2002), this court found that Rothman's attack on the validity of his prior suspension order was barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine provides that lower federal courts lack subject matter jurisdiction to review state court civil decisions. *See Edwards v. Illinois Bd. of Admissions to the Bar*, 261 F.3d 723, 728 (7th Cir. 2001)(*Edwards*). The doctrine would equally apply to any attack by Rothman on the validity of his prior suspension in this action. Accordingly, Rothman may not collaterally attack his prior suspension through allegations in the present complaint. However, Count XII not only includes allegations related to Rothman's prior suspension but also includes allegations related to his present suspension. Therefore, the applicability of the *Rooker-Feldman* doctrine does not require the dismissal of Count XII.

Robinson seeks the dismissal of Count XIII, which alleges that it is the ARDC's custom, regulation or usage to file complaints alleging professional misconduct in which the ARDC alleges conduct prejudicial to the administration of justice or to the courts or the legal profession but that, in pleading such matters, the ARDC systematically fails to plead facts that demonstrate such. This custom or practice violates due process of law. Rothman seeks an injunction preventing the ARDC from filing complaints against attorneys without pleading in compliance with the requirements of Illinois law.

15

Robinson argues that Count XIII should be dismissed because it is barred by the Eleventh Amendment and that this Court lacks jurisdiction to order the ARDC to conform its conduct to state law.

In Count XIII, Rothman seeks to have this Court enjoin the ARDC to comply with the pleading requirements of Illinois law. This Court does not have the authority to enjoin state officials from violating state law. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984); *Froehlich v. State of Wis., Dept. of Corrections*, 196 F.3d 800, 802 (7th Cir. 1999). Accordingly, Count XIII is dismissed with prejudice.

The ARDC, Robinson, and Smith seek to dismiss Count XIV, which alleges that 42 U.S.C. § 12202 is unconstitutional because it deprives a class of plaintiffs of equal protection under the law as it purports to abrogate sovereign immunity but it fails to allow suits against individual officials. These Defendants do not attack the sufficiency of the pleading. Instead, they argue that Rothman, as a *pro se* litigant, is not competent to represent a class of plaintiffs and attack the merits of Rothman's claims. Rothman's status as a class representative is not before the Court, and it is premature to address the merits of the claim at this stage of the litigation.

Lastly, these Defendants ask this Court to abstain from interfering with the ongoing disciplinary proceeding against Rothman on any counts that are not dismissed. In response, Rothman contends that the Defendants' argument is "off-point - it is discretionary. Plaintiff meets the requirements for seeking an injunction against the ongoing state proceedings."

As set out in *Younger v. Harris*, 401 U.S. 37 (1971) (*Younger*), the abstention doctrine has come to mean that absent unusual circumstances, a federal court must refrain from entertaining injunctive relief which might interfere with the judicial process of state courts and administrative agencies when important state interests are involved. *See New Orleans Public Serv., Inc. v. New Orleans*, 491 U.S. 350, 368 (1989); *Barichello v. McDonald*, 98 F.3d 948, 954 (7th Cir. 1996). The abstention doctrine requires

federal courts to abstain from enjoining state proceedings that are (1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for the review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 436-37 (1982) (*Middlesex*); *Green v. Brenden*, 281 F.3d 661, 666 (7th Cir. 2002) (*Green*). The party opposing abstention must allege specific facts to support any argument that extraordinary circumstances exist which make abstention inappropriate. Mere allegations and conclusions are inadequate. *See Ramsden v. Agribank, FCB*, 214 F.3d 865, 871 (7th Cir. 2000) ("*Ramsden*"); *Crenshaw v. Supreme Court of Ind.*, 170 F.3d 725, 729 (7th Cir. 1999) (*Crenshaw*).

The Seventh Circuit has determined that federal district courts should abstain from interfering with state attorney disciplinary proceedings as such proceedings meet the three-prong test of *Middlesex*. *See, Crenshaw*, 170 F.3d at 727-28; *Storment v. O'Malley*, 938 F.2d 86, 89 (7th Cir. 1991). In the instant case, Rothman does not contend that extraordinary circumstances exist which make abstention improper. Nor does Rothman allege any specific facts demonstrating that extraordinary circumstances exist which make abstention improper. Accordingly, abstention is appropriate, and Counts VI, XI, XII, XIII, and XIV are dismissed without prejudice. *See Green*, 281 F.3d at 667; Ill Sup. Ct. R. 753(e)(1)-(e)(5).

IV. City of Chicago's Motion to Dismiss Count VII

The City of Chicago contends that Count VII should be dismissed because Rothman lacks standing, and he does not state a claim. Count VII alleges that the Condominium Ordinance ("Ordinance"), Chicago Mun. Code § 13-72-060, violates the Fourteenth Amendment because it irrationally discriminates in favor of deaf and blind people to the disadvantage of other persons with disabilities. Rothman also alleges that the Ordinance violates the ADA because Rothman, in connection

with his real estate practice he has had to, and continues to have to, counsel his clients to violate the ADA in order to comply with the Ordinance. The Ordinance also violates 42 U.S.C. § 1983 and intentionally violates the equal protection clause and Article I, § 19 of the Illinois Constitution, which prohibits discrimination against the handicapped in the sale or rental of property.

The Ordinance at issue provides that individuals who are over 65 years of age or deaf or blind or who are unable to walk without assistance, have a total of 180 days to exercise their right of first refusal to purchase a unit that they are renting that is going to be converted into condominiums. All other individuals have 120 days to exercise this right. *See* Chicago Mun. Code § 13-72-060.

A plaintiff must demonstrate "injury in fact" in order to establish standing in a cause of action. *Vermont Agency of Natural Resources v. United Sates*, 529 U.S. 765, 771 (2000) (*Vermont*). Injury in fact is harm that is both "concrete" and "actual or imminent, not conjectural or hypothetical". *Vermont*, 529 U.S. at 771 (internal quotations and citation omitted). Injury in fact is more than an injury to a cognizable interest -- it requires that the party seeking relief be itself among the injured. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 563 (1992) (*Lujan*).

Here, Rothman alleges that the Ordinance violates both the United States and the Illinois Constitution, as well as the ADA. However, Rothman does not allege that the Ordinance has been enforced in any manner against him in that he suffered an injury in fact. Nor are there any allegations that he is in actual or imminent harm of having his rights violated by the enforcement of the Ordinance. Based on the allegations, Rothman has only alleged a conjectural or hypothetical injury.

Furthermore, Rothman's myriad of arguments in an attempt to demonstrate standing, *i.e.*, a stigmatic injury, lowering the threshold of injury necessary, taxpayer and citizen standing, are

meritless and do not negate Rothman's lack of injury in fact. *See Allen v. Wright*, 468 U.S. 737, 755-56 (1983); *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979); *New York Civil Serv. Comm'n v. Snead*, 425 U.S. 457, 458 (1976); *Clay v. Fort Wayne Community Sch.*, 76 F.3d 873, 879 (7th Cir. 1996). Accordingly, Rothman lacks standing to bring Count VII. Count VII is dismissed without prejudice.

## V. Judge McCarthy's Motion to Dismiss Counts VIII, IX, and X

Count VIII alleges that Judge McCarthy violated the ADA by denying a motion to dismiss in a state court case and reducing his fee award in the *Weaver* state court case. Count IX alleges a violation of Section 1983 for violating Rothman's right to due process in regards to the civil contempt proceedings in state court. Count X alleges a Section 1983 violation for placing Rothman in jeopardy of being tried twice for the same conduct by denying Rothman's motion to dismiss in a state court proceeding.

Judge McCarthy contends that this Court lacks jurisdiction over Rothman's claims under the *Rooker-Feldman* doctrine. As stated above, the doctrine provides that lower federal courts lack subject matter jurisdiction to review state court civil decisions. *See Edwards*, 261 F.3d at 728; *Schmitt v. Schmitt*, 324 F.3d 484, 486-87 (7th Cir. 2003) (*Rooker-Feldman* doctrine precluded review of state court decision even though decision was interlocutory). The doctrine applies to claims that were actually raised before the state court and claims that are inextricably intertwined with the state court determination. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999) (*Long*).

In assessing the applicability of the *Rooker-Feldman* doctrine, "the fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment". *Long*, 182 F.3d at 555, quoting

*Centres, Inc. v. Town of Brookfield*, 148 F.3d 699, 701-02 (7th Cir. 1998) (*Centres*). If the alleged injury of the federal plaintiff "is distinct from the state court judgment and not inextricably intertwined with it, the *Rooker-Feldman* doctrine does not apply". *Centres*, 148 F.3d at 702. To determine whether the alleged injury is inextricably intertwined, the court focuses on whether the federal court is being called upon to review the state court decision. *Edwards*, 261 F.3d at 729.

In the instant case, all of Rothman's claims pertaining to Judge McCarthy seek to have this Court review a decision that Judge McCarthy made in a state court proceeding to which Rothman was involved. Rothman seeks to have this Court review Judge McCarthy's decisions that are clearly inextricably intertwined with such decisions. Accordingly, this Court lacks jurisdiction over these claims; and they are dismissed with prejudice.

Assuming *argumendo*, that Rothman's claims are not barred by the *Rooker-Feldman* doctrine, Rothman's claims against Judge McCarthy are barred by the doctrine of absolute judicial immunity.

The common law doctrine of judicial immunity shields judges from civil liability for their judicial actions. *See Brokaw v. Mercer County*, 235 F.3d 1000, 1015 (7th Cir. 2000). A judge is not liable in civil actions for their judicial acts unless the judge acted in a clear absence of jurisdiction. *See Stump v. Parkman*, 435 U.S. 349, 356-57 (1978).

Here, Rothman's claims against Judge McCarthy all arise from decisions that Judge McCarthy made in pending state court actions that involved Rothman. Judge McCarthy's actions that Rothman takes issue with were judicial acts by Judge McCarthy while he had such jurisdiction to make such judicial acts. Accordingly, Rothman's claims against Judge McCarthy are barred by judicial immunity.

Furthermore, even if Rothman's claims against Judge McCarthy were not barred by the *Rooker-Feldman* doctrine or judicial immunity, the claims would be dismissed under the *Younger* abstention

doctrine. Rothman concedes that these counts meet the requirements under the abstention doctrine, as set forth above; but he argues that extraordinary circumstances exist which would make abstention inappropriate, *i.e.*, state proceeding is motivated to harass or is in bad faith and there is an extraordinary need for immediate equitable relief. However, Rothman fails to allege the required specific facts to support his argument that extraordinary circumstances exist which make abstention inappropriate. *Ramsden*, 214 F.3d at 871; *Crenshaw.*, 170 F.3d at 729. Accordingly, Rothman's claims would be dismissed on this alternate ground.

VI. Rothman's Motion for a Preliminary Injunction

Rothman seeks a preliminary injunction on Counts VI, VII, VIII, IX, and XII. However, as addressed above, all of these counts have been dismissed. Accordingly, Rothman's Motion for a Preliminary Injunction as to Counts VI, VII, VIII, IX, and XII is denied.

## CONCLUSION

For the reasons stated above, Betancourt, Waimberk, and FATIC's Motion to Dismiss is granted in part and denied in part; (2) Rivkin and MKK's Motion to Dismiss is denied; (3) the ARDC, Robinson, Smith, and Verrando's Motion to Dismiss or Abstain is granted in part and denied in part; (4) the City of Chicago's Motion to Dismiss is granted; (5) Judge McCarthy's Motion to Dismiss is granted; and (6) Rothman's Motion for a Preliminary Injunction on Counts VI, VII, VIII, XI, and XII. is denied. Counts I, II, III, VI, VII, XI, XII, XIII, and XIV are dismissed without prejudice. Counts VIII, IX, and X are dismissed with prejudice.

Rothman is granted leave to file an amended complaint as to those counts dismissed without prejudice, if any, within fourteen days of this Order if Plaintiff can do so consistent with his obligations under Fed. R. Civ. Proc. 11.

Dated: May 14, 2003

JOHN W. DARRAH
United States District Judge