# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3533 | **DATE** | 10/5/2004 |
| **CASE TITLE** | Rothman vs. City of Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons stated in the attached memorandum opinion, defendants' motions to dismiss Counts IV and V of the plaintiff's second amended complaint are granted. All pending dates and motions are hereby stricken as moot. Terminating case. Enter Memorandum Opinion. This is a final and appealable order.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 0 6 2004 date docketed | 119 |
| ✓ | Docketing to mail notices. Memorandum Opinion distributed in open Court. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | | |
| | Copy to judge/magistrate judge. | | | |
| MW6 | courtroom deputy's initials | 2004 OCT -6 AM 8:16 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RICHARD ROTHMAN, on behalf of )
himself and classes of persons similarly )
situated, )
)
                    Plaintiffs,, )
)
       v. )   No. 02 C 3533
)
CITY O CHICAGO, BENTANCOURT )
REALTY NETWORK, et al., )
)
                    Defendants. )

DOCKETED
OCT 0 6 2004

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss Counts IV and V of Plaintiff Richard Rothman's ("Rothman") second amended complaint. For the reasons stated below, we grant Defendants' motion.

## BACKGROUND

Sometime between May 2000 and October 2001, Rothman had an agreement to purchase a condominium unit from Wolfram Towers Partnership. According to Rothman, defendants Saul Waimberk ("Waimberk") and Betancourt Realty Network ("Betancourt") are limited partners in that partnership. Rothman claims that he was

1

119

prepared to close on his unit on October 4, 2001, but the partnership canceled their agreement and litigation ensued, with Rothman alleging that the partnership canceled the sale because Rothman suffers from epilepsy.

In August 2002, Betancourt and Waimberk, along with Defendant McNish, Knabe & Kronig ("MKK"), a Chicago law firm, and Defendant Bernard Rivkin ("Rivkin"), an attorney employed by MKK, filed a criminal contempt petition against Rothman in Illinois state court. This petition alleged improper service and other procedural flaws surrounding Rothman's Third Amended Complaint in his state court case. Judgment was entered in Rothman's favor on the petition in November of 2002.

Rothman brought the instant action against Defendants and included fourteen counts in his second amended complaint filed on December 26, 2002. On May 14, 2003, Judge Darrah, the prior judge in this action dismissed without prejudice Counts I, II, III, VI, VII, XI, XII, XIII, and XIV. Rothman was given leave to amend the counts within fourteen days of the ruling and Rothman failed to file any amendments for those counts. On May 14, 2003, Judge Darrah also dismissed with prejudice Counts VIII, IX, and X, and denied Rothman's motion for a preliminary injunction on Counts VI, VII, VIII, XI, and XII. Thus, after May 14, 2003, the only remaining counts pending were Counts IV and V of the second amended complaint. In Count IV Rothman alleges that Defendants' actions constitute malicious prosecution under Illinois state law. In Count V Rothman alleges that the same

misconduct constituted retaliation against him for asserting his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*

On December 10, 2003, we dismissed this action pursuant to Local Rule 41.1 for want of prosecution. We subsequently granted Rothman's motion to reinstate the action. Defendants Bernard Rivkin and McNish, Knabe & Kroning have filed a motion to dismiss the remaining counts. Defendants Betancourt Realty Network and Saul Waimbeck have also filed a motion to dismiss the remaining counts. Defendants move to dismiss Counts IV and V which are the remaining counts that are pending.

## LEGAL STANDARD

In ruling on motions to dismiss, the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed on a 12(b)(6) motion for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v.*

*Morton High Sch.*, 144 F.3d 448, 454-55 (7th Cir. 1998);*Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim,"*id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claim." *Perkins*, 939 F.2d at 466-67.

## DISCUSSION

Defendants argue that we should dismiss Count V as to all defendants because Rothman seeks relief in Count V that is not available under the applicable provisions of the ADA. Defendants also argue that this court should dismiss Count IV of Rothman's complaint under the doctrine of *res judicata*. We also note that on June 15, 2004, by minute order we indicated that Rothman was required to file an answer to the instant motions to dismiss by July 29, 2004. Rothman never filed an answer brief to either motion to dismiss. Therefore, we shall only be addressing the merits of Defendants' arguments since Rothman failed to file any brief in opposition to the instant motions.

## I. ADA Claim (Count V)

Defendants contend that Rothman improperly seeks damages in Count V under the ADA and does not include a request for injunctive relief. At the end of Count V of Rothman's second amended complaint is a heading entitled "RELIEF REQUESTED." (SA Compl. 167). Under that heading Rothman states specifically that he is seeking compensatory damages, punitive damages, attorneys' fees, and costs. *Id.* Rothman has the same "RELIEF REQUESTED" heading at the end of each count. Rothman seeks a remedy in Count V under 42 U.S.C. § 12203(a), (SA Compl. 165), which is the retaliation provision of the ADA. The retaliation provision outlines the remedies available for ADA retaliation claims, providing that "[t]he remedies and procedures available under sections 12117, 12133, and 12188 of this title shall be available to aggrieved persons for violations of subsections (a) and (b) of this section, with respect to subchapter I, subchapter II and subchapter III of this chapter, respectively." 42 U.S.C. § 12203(c). Section 12188(a)(1) provides remedies for a public accommodation claim. Where the plaintiff alleges retaliation based on a defendant's position as an owner, lessor, or operator of "a place of public accommodation," then the available remedies are those provided under 42 U.S.C. § 12188(a)(1). *See Van Hulle v. Pacific Telesis Corp.*, 124 F. Supp. 2d 642, 646 (N.D. Cal. 2000) (noting that the remedy for retaliation depends upon whether that retaliation "occurred with respect to employment [subchapter I], public services [subchapter II], or public accommodations [subchapter III]").

Section 12188(a)(1) states that "[t]he remedies and procedures set forth in

section 2000a-3(a) of this title are the remedies and procedures this subchapter provides. . . ." 42 U.S.C. § 12188(a)(1). Section 2000a-3(a) in turn permits a plaintiff to initiate "a civil action for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order." 42 U.S.C. § 2000e-3(a). Thus, a plaintiff alleging retaliation based on public accommodation discrimination may seek only injunctive relief under the ADA. *See Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 402 (1968) (noting that plaintiffs proceeding under Title II of the Civil Rights Act of 1964, which includes 42 U.S.C. § 2000a-3(a), "cannot recover damages"); *A.R. v. Kogan*, 964 F.Supp. 269, 271 (N.D. Ill. 1997)(stating that 42 U.S.C. § 2000a-3 "(which was originally enacted as part of the public accommodation provisions of the Civil Rights Act of 1964) is specifically limited to providing injunctive relief and *not* damages."). Rothman alleges in his complaint that "Defendant Betancourt Realty Network is a place of public accommodation" and cites to 42 U.S.C. § 12182, which relates to public accommodation discrimination. (SA Compl. Par. 133, 135, 159). It is evident from these allegations that Rothman bases his ADA retaliation claim upon Betancourt's alleged status as a place of public accommodation. *See Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992)(stating that "a plaintiff can plead himself out of court. . . [i]f he alleges facts that show he isn't entitled to a judgment. . . ."). Thus, Rothman may only seek injunctive relief for Count V.

Rothman asks only for damages and does not include a prayer for injunctive relief in Count V of his complaint. In his order dismissing several counts of

Rothman's complaint on May 14, 2003, Judge Darrah, the prior judge in this case, noted that Rothman "concedes that he is not seeking injunctive relief" in the dismissed counts "because injunctive relief will not compensate him for the loss of his home." While we do not have such a declaration before us as to Count V, Rothman's prior indication of a lack of interest in injunctive relief is instructive.

In addition, regardless of Rothman's interest or lack of interest in injunctive relief, he fails to make the allegations necessary to assert standing for pursuing such relief under the ADA. Rothman claims that Defendants' criminal contempt petition damaged his reputation and caused him public embarrassment and emotional distress. (SA Compl. Par. 166). Even if we take these allegations as true, Rothman does not have standing to pursue injunctive relief under the ADA. Past wrongs are not enough to create standing for injunctive relief. The litigant must demonstrate a "realistic threat" of suffering similar wrongs in the future or "continuing, present adverse effects" flowing from the initial wrong. *Perry v. Sheahan*, 222 F.3d 309, 313-14 (7th Cir. 2000).

Rothman's complaint does not include any claim that Defendants will subject him to similar actions in the future, and thus does not proffer any claim of injury that preventive relief might redress. As that is the only remedy available under 42 U.S.C. 2000a-3(a), Rothman lacks standing to proceed with Count V of his complaint. Therefore, we grant Defendants' motion to dismiss that count.

## II. Doctrine of *Res Judicatta* (Count IV)

Defendants argue that Count IV of Rothman's complaint is barred under the doctrine of *res judicata*. We need not address Defendants' argument concerning the doctrine of *res judicatta* because, even if the claim in Count IV is not barred in the instant action, the claim is the only remaining claim in this action and we decline to exercise supplemental jurisdiction over this remaining claim. Rothman states specifically in his second amended complaint that this court has subject matter jurisdiction in this action pursuant to 28 U.S.C. § 1331 and has subject matter over the state law claims pursuant to 28 U.S.C. § 1367 and the doctrine of supplemental jurisdiction. (SA Compl. Par. 16).

Under 28 U.S.C. § 1367(c)(3), a federal district court may dismiss a plaintiff's supplemental state law claims if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The decision to dismiss supplemental claims is discretionary. *Larsen v. City of Beloit*, 130 F.3d 1278, 1286 (7th Cir. 1997). In exercising that discretion, the court should consider a number of factors, including "the nature of the state law claims at issue, their ease of resolution, and the actual, and avoidable, expenditure of judicial resources. . . ." *Timm v. Mead Corp.*, 32 F.3d 273, 277 (7th Cir. 1994).

In this case, the factors listed above strongly support the dismissal of Rothman's malicious prosecution claim in the instant action. A malicious prosecution claim concerning a matter in state court is by its nature more appropriately addressed in state court. Also, Defendants have shown that Rothman

8

chose to file his claims for malicious prosecution both in this court and in Illinois state court, a litigation strategy that the Seventh Circuit has sharply criticized. *See Rogers v. Desiderio*, 58 F.3d 299, 300 (7th Cir. 1995)(stating that the Seventh Circuit "deprecates the practice of filing two suits over one injury . . . ."). In addition, while the precise status of Rothman's state claims is uncertain, it is clear that the litigation in that court is closer to final disposition than the case before us. The state court, though it dismissed Rothman's malicious prosecution claim and denied his motion to reconsider, also gave him leave to file an amended claim on that count. Thus, Illinois courts have already expended their judicial resources on this case, and there is no justification for continuing to duplicate their efforts in this court. As the Seventh Circuit explained in *Rogers*, courts do not reward plaintiffs for filing duplicate litigation, and we decline to do so here. *Id.* We find that under the circumstances in the instant action that a dismissal of Count IV would promote the efficient use of judicial resources.

There is also more recent case law in the Seventh Circuit that indicates that a district court should avoid addressing remaining supplemental claims when possible. The Seventh Circuit has stated that where a court dismissed a federal claim and the sole basis for invoking federal jurisdiction is now nonexistent, that court should not exercise supplemental jurisdiction over remaining state law claims. *See Williams v. Aztar Indiana Gaming Corp.*, 351 F.3d 294, 300 (7th Cir. 2003)(stating that if there is a dismissal of the original jurisdiction claim and only a supplemental jurisdiction claim remains "the sole basis for invoking federal jurisdiction is nonexistent and the

federal courts should not exercise supplemental jurisdiction over his remaining state law claims."); *Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994)( stating that "the general rule is that, when all federal-law claims are dismissed before trial, the pendent claims should be left to the state courts."). Therefore, we decline to exercise continuing supplemental jurisdiction over Count IV of Rothman's complaint.

## CONCLUSION

Based on the foregoing analysis, we grant Defendants' motions to dismiss Counts IV and V of the second amended complaint.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 5, 2004